JUSTICE TRIEWEILER
concurring in part and dissenting in part.
¶24 I concur with the maj ority’s conclusion that there was sufficient independent evidence of driving under the influence of alcohol to permit admission of the defendant’s extra-judicial statements that he had been drinking on the night in question.
¶25 I dissent from the majority’s conclusion that the District Court did not err when it refused to submit an instruction to the jury regarding the lesser included offense of negligent endangerment.
¶26 Section 46-1-202(8), MCA, provides that:
“Included offense” means an offense that:
(c) differs from the offense charged only in the respect that... a lesser kind of culpability suffices to establish its commission.
Negligent endangerment is a lesser included offense of criminal endangerment because it requires a lesser degree of culpability.
¶27 A person commits the offense of criminal endangerment, in violation of § 45-5-207, MCA, when he “knowingly engages in conduct that creates a substantial risk of death or serious bodily injury to another.” (Emphasis added.) A person commits the offense of negligent endangerment, in violation of § 45-5-208(1), MCA, when he “negli *434 gently engages in conduct that creates a substantial risk of death or serious bodily injury to another.” (Emphasis added.)
f 28 Because the only difference between criminal endangerment and negligent endangerment is the state of mind with which the accused person acts, negligent endangerment is, by statutory definition, a lesser included offense of criminal endangerment.
¶29 Section 46-16-607(2), MCA, requires that “[a] lesser included offense instruction must be given when there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense.”
¶30 To sustain a conviction of criminal endangerment pursuant to § 45-5-207, MCA, the State had to prove more than that Martinosky was aware of his conduct, or that he knowingly engaged in a high speed chase to avoid apprehension. The State had to prove that he was aware of a high probability that by operating his motor vehicle at an excessive rate of speed he would cause death or serious bodily injury to another.
¶31 In this case, Martinosky was charged with criminal endangerment for creating a substantial risk of death or serious bodily injury to Tom and Barbara Siegel and Duane and Shelley Gilstad by the manner in which he operated his vehicle. While the jury found that he was aware of a high probability of the risk of death or serious bodily injury (the test for “knowingly”), it could just as easily have found that he acted with a conscious disregard of the risk to others (the test for “negligently”).
¶32 Other than the penalty, the difference between criminal endangerment and negligent endangerment is the state of mind of the person who engages in the prohibited conduct. Because Martinosky did not testify, the jury had to determine his state of mind by inference from his conduct.
¶33 The only evidence in this case was that Martinosky was intoxicated, drove his vehicle at an extremely high rate of speed, lost control, and drove into the home of Tom and Barbara Siegel.
¶34 Did Martinosky know at the time he operated his motor vehicle that crashing into someone’s home would probably result from his conduct, or did he simply act with a conscious disregard for the possibility that this result could occur? Based on the limited evidence in this case, and the reasonable inferences that could be drawn therefrom, any reasonable juror could just as well find one state of mind as the other. There is no rational basis for the majority or the District *435 Court to conclude that one state of mind was supported by the evidence, but the other state of mind was not supported by the evidence.
¶35 By statute, the District Court in this case was required to instruct the jury on the lesser included offense of negligent endangerment because the jury, based on the evidence, could just as well have found that Martinosky acted with a conscious disregard of the risk that his conduct presented to others, as it could have found that he was aware of a high probability of risk to others.
¶36 For these reasons, I dissent from the majority’s conclusion that the District Court did not err when it refused to instruct the jury on the lesser included offense of negligent endangerment.
JUSTICE HUNT joins in the foregoing concurring and dissenting opinion.